THE STATE OF NEW JERSEY, EDWARD L. KATZENBACH, ATTORNEY-GENERAL, EX. REL. WALTER B. THOMPSON ET AL., v. EDWARD L. BADER, MAYOR, ETC., ET AL.

Submitted May 29, 1925—Decided February 1, 1926.

The object of a law must be single, but its product may be as diverse as the object requires. The former must be expressed in the title; the latter need not be.

On appeal from the Supreme Court, whose opinion is reported in 101 *N. J. L.* 289.

For the plaintiffs in error, *Cole & Cole.*

For the defendants in error, *W. Frank Sooy, Joseph B. Perskie* and *Robert H. McCarter.*

PER CURIAM.

The present writ. of error challenges the action of the Supreme Court in discharging a writ of *quo warranto,* the purpose of which was to remove from office the mayor and commissioners of the city of Atlantic City.

We entirely approve the conclusion reached by the Supreme Court, and for the reasons set out in the opinion promulgated by that tribunal, except with relation to an erroneous declaration as to the scope of article 4, section 7, paragraph 4 of our constitution, made in dealing with the contention of counsel for the relator that the statute which was the basis of the litigation. violated the mandate of this article. This constitutional provision is as follows: "Every law shall embrace but one object, and that shall be expressed in the title." In dealing with counsel's contention, the Supreme Court disposed of it by saying, "there is no constitutional inhibition against the inclusion of several objects in an act so long as they have a proper relation to each other." The statement that several objects may be embraced in a single statute is clearly erroneous, and was manifestly the result of inadvertance, for it is in direct opposition to the very words of the constitutional provision that "every law shall embrace *but one object."* The interpretation of this provision is indicated by the Supreme Court in the case of *Moore* v. *Burdett,* 62 *N. J. L.* 163, in dealing with a contention similar to that made by counsel in the present case. "The object of the law must be single, but its product may be as diverse as the object requires." The former must be expressed in the title; the latter need not be. This pronouncement has frequently been approved by our courts in subsequent decisions. All of the provisions contained in the body of the statute which is the subject of the present attack are cognate to the object expressed in its title; are the means provided by the legislature for carrying that object into effect. The criticism of counsel is, apparently, the result of a failure to differentiate the object to be accomplished by the enactment from the means selected for its accomplishment, and we consider it to be without merit.

The judgment under review is affirmed, upon the opinion of the Supreme Court, with the correction above indicated.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KATZENBACH, LLOYD, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, JJ. 11.

*For reversal*—None.